UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO JOHNSON #343032,

    Plaintiff,

Case No. 12-10918

v.

Honorable David M. Lawson
Magistrate Judge Laurie J. Michelson

ANDREW ELLISON, *et al.,*

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT ANDREW ELLISON'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT [17]**

Plaintiff Apollo D. Johnson ("Plaintiff"), a state prisoner presently incarcerated in the Chippewa Correctional Facility in Kincheloe, Michigan, brought this civil rights action pursuant to 42 U.S.C. § 1983. All pretrial matters have been referred to this Court. (Dkt. 7.) This matter is presently before the Court on Defendant Andrew C. Ellison's ("Ellison") Motion to Dismiss, or in the Alternative, for Summary Judgment. (Dkt. 17.) For the reasons set forth below, this Court recommends that the Motion be **GRANTED**, and that Ellison be **DISMISSED** from the case.

**I.    BACKGROUND**

    **A.    Plaintiff's Allegations**

Plaintiff alleges that while he was incarcerated at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan, certain prison personnel violated his constitutional rights by denying him

access to the courts, certain legal documents, and his counsel.[1] (Dkt. 27, Am. Compl. at 1-2.) Defendant Ellison worked as the supervisor of the SLF property room. (*Id*. at 2-3.)

More specifically, Plaintiff alleges that in 2010, while housed at Oaks Correctional Facility ("ECF"), he was working on a supplemental appeal brief in connection with the appeal of his 2009 conviction for second degree murder and prisoner in possession of a weapon. (*Id*. at 4.) To aid in this effort, in late October 2010, Plaintiff's counsel mailed him copies of trial transcripts and other relevant legal documents. (*Id*.)

Plaintiff was subsequently transferred to SLF and, according to Plaintiff, these legal materials were forwarded from ECF and received at SLF on November 2, 2010. (*Id*.) Plaintiff alleges that mail room, front desk, and property room personnel at SLF received and/or knew about his legal documents. (*Id*. at 5.) Plaintiff further alleges that they delayed the delivery of this mail to him. (*Id*.) According to Plaintiff, he did not receive the trial transcripts and other documents (from the Assistant Resident Unit Supervisor) until November 29, 2010. (*Id*. at 6.) This, says Plaintiff, impeded his 84 day deadline to submit his Supplemental Standard 4-2006 Brief – i.e., he did not receive the materials until 13 days after the deadline. (*Id* at 7.) On March 3, 2011, Plaintiff's subsequent motion to extend time to file the supplemental appeal brief was denied by the Michigan Court of Appeals. (*Id*. at 8.)

Plaintiff alleges that he exhausted the administrative grievance procedure by filing step one, two, and three grievances as required by the Prison Litigation Reform Act (PLRA) on December 1,

---

[1] Defendant Ellison filed the instant Motion to Dismiss, or in the Alternative, for Summary Judgment, before Plaintiff filed his Amended Complaint. (Dkt. 17 & 27.) "Since Plaintiff's amendment did not impact [the] dispositive motion," Ellison informed the Court to apply the pending motion to the Amended Complaint. (Dkt. 25, Defendant Ellison's Response to Order on Motion to Amend Complaint.)

2

2010, February 4, 2011, and March 25, 2011. (Am. Compl. at 8-9, Pg. ID 426-27.)

Plaintiff filed this lawsuit on February 29, 2012. (Dkt. 1, Compl.) Pursuant to an order from this Court to provide correct names for the John Doe Defendants, Plaintiff filed an Amended Complaint on January 18, 2013, wherein he specifically named Officer Mills (front desk officer), Officer Niernberg (front desk officer), Officer Shaw (property room officer), ARUS Jacobs (ARUS/Counselor), in addition to the presently moving Defendant, Sergeant Andrew C. Ellison (property room supervisor). (Dkt. 27, Am. Compl. at 2-3, Pg. ID 420-21.) Plaintiff, however, made no changes to his substantive legal claims.

## II. ANALYSIS

On October 9, 2012, Defendant Ellison filed a Motion to Dismiss and/or for Summary Judgment. (Dkt. 17.) In it, Ellison argues that Plaintiff failed to exhaust his administrative remedies as to him because Ellison's grievance does not specifically name him. (*Id*. at 6-11, Pg. ID 231-36.) Ellison also argues that Plaintiff failed to allege sufficient personal involvement to establish liability under § 1983. (*Id*. at 3-6, Pg. ID 228-31.)

### A. Motion to Dismiss & Motion for Summary Judgment

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it "[f]ails to state a claim upon which relief can be granted." When deciding a motion under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

3

1937, 1949, 173 L. Ed. 2d. 868 (2009) (internal quotation marks omitted). In applying this rule to pro se plaintiffs, the Court is mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Sixth Circuit has stated that, pursuant to 28 U.S.C. 1915(e)(2), "When a district court determines that a complaint . . . fails to state a claim, the court lacks discretion under the PLRA to permit the plaintiff to file an amended complaint." *Hix v. Tenn. Dept. of Corrs.*, 196 F. App'x 350, 354 (6th Cir. 2006) ("When a district court determines that a complaint . . . fails to state a claim, the court lacks discretion under the PLRA to permit the plaintiff to file an amended complaint.")

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001). The moving party may discharge its initial summary judgment burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party does so, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be

4

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

**B.     Exhaustion**

Plaintiff filed three grievances in connection with the alleged delay of his legal documents. Ellison's argument to dismiss is that Plaintiff has not exhausted his allegations as to him because Plaintiff did not specifically name Ellison in a grievance regarding the issues raised in the Complaint. (Dkt. 17, Def.'s Mot. to Dismiss at 6-11, Pg. ID 231-36.)

The Prisoner Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The exhaustion requirement is justified on two grounds. First, it gives prisoners "an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Woodford v. Ngo*, 548 U.S. 81, 94 (2002). Additionally, the requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones*, 549 U.S. at 204.

The exhaustion prerequisite applies to all inmate suits about prison life, regardless of the nature of the wrong or the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (rejecting claim that prisoner had no duty to exhaust where monetary damages could not be awarded through the administrative process; reasoning that "Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."). Moreover, the prisoner must "properly" exhaust his claims by complying with the MDOC grievance policy. *See Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules . . . ."); *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) ("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted. . . . [and] must adhere to any time limitations that are part of the institutional grievance policy." (citing *Jones Bey v. Johnson*, 407 F.3d 801, 803 n.2 (6th Cir. 2005) *rev'd on other grounds by Jones v. Bock*, 549 U.S. 199 (2007))).

It is not, however, a prisoner's burden to show that he has properly exhausted his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, the failure to exhaust is an affirmative defense, *Jones*, 549 U.S. at 216, and a defendant to a prisoner suit has both the burden of production and persuasion on the issue of non-exhaustion. *Surles*, 678 F.3d at 455-56. As such, a defendant's "initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles*, 678 F.3d at 455-56 (internal quotation marks and citation omitted). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

Here, Plaintiff's step one grievance alleges, in relevant part:

> SLF front desk and *all parties involved* acted negligently with "NO" regards for prisoner Johnson #343032, legal property! I have deadline with the "court of appeals" to prepare a motion to remand and supplemental brief <standard-4> 11/16/10!!! As a result of my trial transcripts and relevant documents being withheld for 27 days deprived prisoner Johnson #343032 ACCESS to the courts in a murder proceeding in violation of my constitutional rights.

(Dkt. 17, Ex. C, at Pg ID 263) (italic emphasis added).

It is true that proper exhaustion of administrative remedies means "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). MDOC Policy

6

Directive 03.02.130 sets forth the procedures that govern the grievance filed by Plaintiff. (Dkt. 17, Def.'s Mot. To Dismiss, Ex. A.) And the Policy Directive provides that the grievance must include "[d]ates, times, places, and names of all those involved in the issue being grieved." (*Id.* at ¶ R.)

Notably, however,"[a]lthough the [MDOC] policy requires a grievance to include specific names, those requirements are relaxed when the purpose of the grievance has been achieved." *Hall v. Raja*, No. 09-10933, 2010 U.S. Dist. LEXIS 77651 at *8-9 (E.D. Mich. 2010). In *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), the defendants challenged on exhaustion grounds the complaint of a prisoner who "pursued his grievance through all three levels of prison review, yet he failed to identify the 'names of all those involved' in the grievance, as the prison's grievance procedures require." *Id.* at 323. The Court held that "[b]ecause the Michigan Department of Corrections opted to dismiss his grievance on the merits rather than invoke its procedural bar, Reed-Bey exhausted his claim." *Id.* The Court reasoned as follows:

> When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we. . . . Enforcing internal prison rules even when prison officials do not and even when they proceed to address a grievance on the merits takes *Woodford* one step too far. It would do more than ensure that prison officials get the first shot at correcting their own mistakes; it would give their merits-based grievance denials undeserved insulation from federal judicial review.

*Id.* at 325, 326. The *Hall* court subsequently reinforced:

> Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted).
>
> A fair indicator that the purpose of the grievance was fulfilled is the

7

> prison's response to the inmate's complaint. If the information in the grievance is too vague or imprecise, a response so indicating would tell the interested parties that more detail is necessary. However, when prison officials address the merits of the prisoner's complaint without even mentioning a problem identifying the object of the grievance, the administrative system has worked and the prison officials have had the "opportunity to correct [their] own mistakes." *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citation and quotation marks omitted).

A review of Plaintiff's grievance forms, memorandums in support of the grievance responses, and appeals reveals that Defendant Ellison provided a statement as a part of the grievance process. (*See* Dkt. 17, Def.'s Mot. To Dismiss, Exs. C, D & E; *see especially* Ex. C, Pg. ID 264.) Therefore, under the reasoning of *Hall*, this Court concludes that there may exist a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies despite not specifically naming Ellison in a grievance.

The Court need not decide the issue, however, because, as discussed below, there are two independent bases for Ellison's dismissal.

### B. Lack of Personal Involvement

The Amended Complaint contains no allegations regarding Sergeant Ellison other than his title "Property Room Supervisor," and that if he had "scrutinized the property room" Plaintiff would have received his trial transcripts and relevant legal documents in a timely manner. (Dkt. 27, Am. Compl. at 6, Pg. ID 424.) The only other allegation with respect to Ellison is contained in an affidavit that Plaintiff attached in response to Ellison's Motion to Dismiss wherein Plaintiff asserted that "Ellison was aware of Plaintiff's Legal Documents and told Plaintiff that it's not his problem." (Dkt. 19, Pg. ID 295.) No details are provided regarding what exactly Ellison was aware of and when he was aware of it.

The law is well established that liability under Section 1983 must be based on more than

8

merely the right to control employees. *Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir. 1982); *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658 (1978). A claimed constitutional violation "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 206 (6th Cir.1998)). Supervisors are not liable under § 1983 merely because they are aware of an alleged violation and fail to act—this holds even if the omission is the "failure [to] remedy the ongoing effects of a constitutional violation." *King v. Zamiara,* No. 4:02–cv–141, 2009 WL 1067317, at *2 (W.D. Mich. Apr. 21, 2009) (citing *Shehee,* F.3d at 300); *see also Horton v. Martin,* 137 F. App'x 773, 775 (6th Cir. 2005) ( "[Plaintiff] merely alleged that [the MDOC director] failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Luttrell*, 199 F.3d at 300 (finding that supervisory defendants' failure to remedy the alleged retaliatory behavior was not actionable under § 1983); *Seaton v. Sova,* No. 1:08–cv–1131, 2009 WL 2132728, at *9 (W.D. Mich. July 10, 2009) ("[Section] 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.").

Plaintiff's response brief makes clear that his claim against Ellison is based on Ellison's role as "the supervisor for the property room personnel":

> Defendant Ellison's lack of supervision to insure proper and timely procedures were being followed by subordinate personnel was in direct violation of his supervisory duties and a direct act that contributed to the delayed delivery of Plaintiff's legal material, which was a contributing factor and cause circumventing the Plaintiff's timely access to the courts with his criminal appeal.
>
> In the instant case, Defendant Sgt Andrew Ellison was named in the complaint as the person responsible for the supervision of those in the

9

> property room where Plaintiff's legal mail arrived on November 2, 2011 and was not released to ARUS Jacobs until November 29, 2011.

(Dkt. 19, Pl. Resp. at 5.) As Plaintiff has not alleged that Sergeant Ellison was engaged in any active unconstitutional behavior, Ellison's motion to dismiss should be granted.

### C. Access to Courts

The PLRA requires the Court to screen all civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).

28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii). While not raised by Defendant, this Court believes that Plaintiff has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has not pled, as is required in stating a viable access to courts claim, that Ellison's conduct prejudiced a non-frivolous claim against him. *See Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) ("Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost."); *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) ("[D]epriving prisoners of [an] opportunity [to access the courts] only 'in some theoretical sense' will not establish a violation of the right to access the courts." (quoting *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct.

2174, 135 L. Ed. 2d 606 (1996))). Though the pleading standard for pro se litigants is liberal, it is not without limits, and does not "abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983) for the proposition that the duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations).

Here, Plaintiff's complaint—as pled—is incomplete. He included information regarding how prison officials allegedly failed to timely deliver legal documents that he needed to file a supplemental brief in the Michigan Court of Appeals, which ultimately led to him missing a court-imposed deadline; however, he did not include the facts underlying his supplemental brief in the Michigan Court of Appeals. To substantiate his claim for a denial of access to courts, Plaintiff needed to plead this underlying claim and the facts supporting it, so that the Court could ensure that what was lost was a "non-frivolous" claim. *Brown*, 415 F. App'x at 613. The Complaint simply fails to present the nature of the claims that Plaintiff pursued, or intended to pursue, in the Michigan Court of Appeals.

Under the PLRA, courts in this Circuit generally find that they have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. *See Calhoun v. Hill,* No. 07-11613, 2008 WL 4277171 (E.D. Mich. Sept. 17, 2008) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612, (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d. 798 (2007); *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (stating that "a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a sua sponte dismissal."), *abrogated on other grounds by Jones*, 549 U.S. at 199; *contra Davis v. District of District of Columbia*, 158 F.3d 1342, 1349, (D.C. Cir. 1998)); *see also Hix*, 196 Fed. App'x, at 354-55 ("When a district court determines that a complaint is frivolous or fails to state a claim, the court

11

lacks discretion under the PLRA to permit the plaintiff to file an amended complaint."); *Hull v. Baker*, No. 11-cv-623, U.S. Dist. LEXIS 1032727 (W.D. Mich. Mar. 27, 2012) ("This Court, therefore, did not err by dismissing some of Plaintiff's claims with prejudice (i.e., without leave to amend the complaint) after it determined that they failed to state a claim.); *but see Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) ("nothing in the statute requires us to read the language in a way that would deprive the district courts of their traditional discretion to grant leave to amend."). This Court recommends *sua sponte* dismissal of Defendant Ellison under 28 U.S.C. § 1915(e)(2).[2]

## V.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant Ellison's motion be **GRANTED** and Ellison be **DISMISSED** for lack of personal involvement. This Court also **RECOMMENDS** that Defendant Ellison be *sua sponte* dismissed for failure to state an access to courts claim.

## VI.  FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal

---

[2] If the Court finds that Plaintiff has failed to state a viable claim for access to courts against Ellison, the same reasoning would support a *sua sponte* dismissal of all Defendants under 28 U.S.C. § 1915(e)(2).

quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2013.

                                              s/Jane Johnson
                                              Deputy Clerk