UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO JOHNSON #343032,

      Plaintiff,

                                     Case No. 12-10918

v.                                   Honorable David M. Lawson
                                   Magistrate Judge Laurie J. Michelson

ANDREW ELLISON, *et al.,*

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS
MILLS, NIERNBERG, SHAW, AND JACOBS' MOTION TO DISMISS [34]
FIRST AMENDED COMPLAINT [27]**

**AND**

**ORDER ON PLAINTIFF APOLLO JOHNSON'S
SECOND MOTION TO AMEND COMPLAINT [37]**

Plaintiff Apollo D. Johnson ("Plaintiff"), a state prisoner presently incarcerated in the Chippewa Correctional Facility in Kincheloe, Michigan, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. 1, Compl.) All pretrial matters have been referred to this Court. (Dkt. 7.) In an order dated March 19, 2013, District Judge David M. Lawson adopted this Court's Report and Recommendation that Plaintiff's Amended Complaint failed to state a claim as to Defendant Andrew Ellison. (Dkt. 32.) On April 3, 2013, the remaining defendants, Ryan Mills, William Niernberg, Chris Shaw and Jon Jacobs (collectively "Defendants"), filed a motion to dismiss the Amended Complaint (Dkt. 27) pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff did not state a viable access to courts claim and because Defendants acted reasonably. (Dkt. 34.)

In an effort to address some of the issues in Defendants' motion, on April 25, 2013, Plaintiff filed a "Second Motion to Amend 1983 Complaint" (Dkt. 37), together with a "Motion in

Opposition to Defendants Motion for Summary Judgment." (Dkt. 38). Defendants responded. (Dkt. 39.)

For the following reasons, this Court concludes that Plaintiff's proposed Second Amended Complaint fails to state a viable access to courts claim and therefore orders that Plaintiff's motion to amend be **DENIED** as futile. This Court also concludes that the Amended Complaint fails to state a claim upon which relief can be granted and therefore **RECOMMENDS** that Defendants Mills, Niernberg, Shaw and Jacobs' motion to dismiss be **GRANTED**.

## I.    BACKGROUND

### A.    Procedural History

In November 2012, Plaintiff filed a motion to amend his Complaint. (Dkt. 26.) This Court granted in part and denied in part the motion. (Dkt. 24.) Accordingly, Plaintiff filed an Amended Complaint on January 18, 2013, wherein he specifically named Defendants Officer Mills (front desk officer), Officer Niernberg (front desk officer), Officer Shaw (property room officer), ARUS Jacobs (ARUS/Counselor), in addition to Sergeant Andrew Ellison (property room supervisor). (Dkt. 27, Am. Compl. at 2-3, Pg. ID 420-21.) Plaintiff, however, made no changes to his substantive legal claims.

On February 28, 2013, this Court issued a Report and Recommendation wherein it concluded that Defendant Ellison's motion should be granted and Ellison should be dismissed for lack of personal involvement. (Dkt. 30, Report and Recommendation, at 12.) This Court further recommended that Defendant Ellison be *sua sponte* dismissed for Plaintiff's failure to state an access to courts claim under 28 U.S.C. § 1915(e)(2). On the access to courts claim, this Court reasoned:

> Plaintiff has not pled, as is required in stating a viable access to courts claim, that Ellison's conduct prejudiced a non-frivolous claim against him. *See Brown v. Matauszak*, 415 F. App'x 608, 612 (6th

2

Cir. 2011) ("Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost."); *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) ("[D]epriving prisoners of [an] opportunity [to access the courts] only 'in some theoretical sense' will not establish a violation of the right to access the courts." (quoting *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996))). Though the pleading standard for pro se litigants is liberal, it is not without limits, and does not "abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983) for the proposition that the duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations).

Here, Plaintiff's complaint—as pled—is incomplete. He included information regarding how prison officials allegedly failed to timely deliver legal documents that he needed to file a supplemental brief in the Michigan Court of Appeals, which ultimately led to him missing a court-imposed deadline; however, he did not include the facts underlying his supplemental brief in the Michigan Court of Appeals. To substantiate his claim for a denial of access to courts, Plaintiff needed to plead this underlying claim and the facts supporting it, so that the Court could ensure that what was lost was a "non-frivolous" claim. *Brown*, 415 F. App'x at 613. The Complaint simply fails to present the nature of the claims that Plaintiff pursued, or intended to pursue, in the Michigan Court of Appeals.

Judge Lawson adopted this Court's conclusions in an Order dated March 19, 2013, and "agree[d] with the findings and conclusions of the magistrate judge." (Dkt. 32, Order Adopting R & R, at 1.)

## B.    First Amended Complaint

Plaintiff alleges that while he was incarcerated at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan, certain prison personnel violated his constitutional rights by denying him access to the courts, certain legal documents, and his counsel. (Dkt. 27, Am. Compl., at 1-2.)

3

More specifically, Plaintiff alleges that in 2010, while housed at Oaks Correctional Facility ("ECF"), he was working on a supplemental brief in connection with the appeal of his 2009 conviction for second degree murder of another inmate and possession of a weapon while incarcerated. (Dkt. 27, Am. Compl., at 4.) To aid in this effort, in late October 2010, Plaintiff's counsel mailed him copies of trial transcripts and other relevant legal documents. (*Id.*)

Plaintiff was subsequently transferred to SLF and, according to Plaintiff, these legal materials were forwarded from ECF and received at SLF on November 2, 2010. (*Id.*) Plaintiff alleges that mail room, front desk, and property room personnel at SLF received and/or knew about his legal documents, but delayed the delivery of this mail to him. (*Id.*) According to Plaintiff, he did not receive the trial transcripts and other documents (from the Assistant Resident Unit Supervisor) until November 29, 2010. (*Id*. at 6.) This, says Plaintiff, impeded his 84 day deadline to submit his Supplemental Standard 4-2006 Brief—i.e., he did not receive the materials until 13 days after the deadline. (*Id* at 7.) On March 3, 2011, Plaintiff's subsequent motion to extend time to file the supplemental appeal brief was denied by the Michigan Court of Appeals. (*Id*. at 8.)

**B.     Proposed Second Amended Complaint**

On April 3, 2013, Defendants Mills, Niernberg, Shaw, and Jacobs filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff failed to state a viable access to courts claim. (Dkt. 34, at 6-13.) Defendants also argue that they acted reasonably and therefore could not have violated Plaintiff's constitutional rights. (*Id*. at 13-14.) Plaintiff responded by filing a second motion to amend his Amended Complaint (Dkt. 37) together with a motion in opposition to the motion to dismiss (Dkt. 38).

In his proposed Second Amended Complaint, Plaintiff alleges that his attorney came to visit him on March 17, 2010, to discuss five issues "to be raised on direct appeal of Plaintiff's case."

4

(Dkt. 37, Mot. to Amend. Am. Compl., Pg. ID 504.)  According to Plaintiff, the five issues that he

discussed with his attorney were:

> I.     MR. JOHNSON IS ENTIT[]LED TO A NEW TRIAL
> WHERE TRIAL COUNSEL RENDERED INEFFECTIVE
> ASSISTANCE IN VIOLATION OF THE STATE AND
> FEDERAL CONSTITUTIONS.
>
> II.    THERE WAS INSUFFICIENT EVIDENCE TO PROVE
> MR. JOHNSON COMMITTED THE SECOND DEGREE
> MURDER.
>
> III.   THE TRIAL COURT VIOLATED MR. JOHNSON'S
> STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO
> EQUAL PROTECTION AND A JURY DRAWN FROM A
> CROSS-SECTION OF THE COMMUNITY. US CONST
> AM VI, XIV; MICH CONST ART I, SEC 1.
>
> IV.    MR. JOHNSON[] WAS DENIED HIS STATE AND
> FEDERAL RIGHT TO EFFECTIVE ASSISTANCE OF
> TRIAL COUNSELOR BECAUSE TRIAL COUNSELOR
> DID NOT HAVE THE DETECTIVE TEST THE MURDER
> WEAPON FOR FINGERPRINTS THAT WOULD HAVE
> CORROBORATED DEFENDANT'S CLAIM OF
> SELF-DEFENSE.
>
> V.     THE TRIAL COURT ABUSED ITS DISCRETION AND
> DENIED DEFENDANT HIS DUE PROCESS RIGHT TO A
> FAIR TRIAL WHEN IT ALLOWED THE TESTIMONY OF
> AN UNQUALIFIED "EXPERT" WITNESS.

(Dkt. 37, Pg. ID 504-05) (emphasis in original).  Plaintiff alleges that when his appellate attorney

submitted the appeal brief on August 24, 2010, it only addressed issues I and II. (*Id*. at 505.) These

were the only substantive changes that Plaintiff made to his proposed, Second Amended Complaint.

(Dkt. 37.)

II.      **ANALYSIS**

A.      **Plaintiff's Motion to File Second Amended Complaint**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading "once as a matter of course within 21 days after serving it" or "21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave, however, is not automatic. Indeed, "a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Defendants' primary argument is that Plaintiff, despite three attempts, has not pled a viable access to courts claim against them. *See Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) ("Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost."); *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) ("[D]epriving prisoners of [an] opportunity [to access the courts] only 'in some theoretical sense' will not establish a violation of the right to access the courts." (quoting *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996))). Though the pleading standard for pro se litigants is liberal, it is not without limits, and does not "abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983) for the proposition that the duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations).

After Judge Lawson adopted this Court's report and recommendation to dismiss Defendant

Ellison for failure to state a claim on the access to courts issue, Plaintiff filed a motion to amend his complaint a second time.  (Dkt. 37.)  However, the only substantive difference between the Amended Complaint and the proposed Second Amended Complaint is that, in the latter, Plaintiff lists five appellate "issues" that he discussed with his attorney, three of which he says his attorney never raised in his direct appeal brief in the Michigan Court of Appeals.  (Dkt. 37, at Pg. ID 504-05.) Those issues were:

> III.   THE TRIAL COURT VIOLATED [PLAINTIFF'S] STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION AND A JURY DRAWN FROM A CROSS-SECTION OF THE COMMUNITY. US CONST AM VI, XIV; MICH CONST ART I, SEC 1.
>
> IV.   [PLAINTIFF] WAS DENIED HIS STATE AND FEDERAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSELOR BECAUSE TRIAL COUNSELOR DID NOT HAVE THE DETECTIVE TEST THE MURDER WEAPON FOR FINGERPRINTS THAT WOULD HAVE CORROBORATED [PLAINTIFF'S] CLAIM OF SELF-DEFENSE.
>
> V.   THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED [PLAINTIFF] HIS DUE PROCESS RIGHT TO A FAIR TRIAL WHEN IT ALLOWED THE TESTIMONY OF AN UNQUALIFIED "EXPERT" WITNESS.

(Dkt. 37, at Pg. ID 504-05.)  Given that these issues were not briefed by his attorney, Plaintiff alleges that Defendants needed to deliver his legal documents in a timely manner so that he could brief these issues by way of a supplemental brief in the Michigan Court of Appeals.  (*Id*. at 505.) Plaintiff alleges that the delay resulted in missing the court-imposed deadline which, in turn, led to the Court of Appeals not accepting his supplemental brief.  (*Id*. at 506.)

To state a viable claim for denial of access to courts, Plaintiff needs "to allege a specific, litigation-related detriment resulting from the prison official's conduct."  *See Jones v. Lee,* No. 09-

7

11283, 2012 WL 683362, at *7 (E.D. Mich. Mar. 2, 2012) (citing *Pilgrim v. Littlefield*, 92 F.3d 413,

416 (6th Cir. 1996)). As the Supreme Court has explained, to establish an access to courts claim,

> [T]he named plaintiff must identify a nonfrivolous, arguable, underlying claim . . . . It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). In *Jones*,

Plaintiff failed to provide any information regarding the "nature of the underlying litigation" or the

"bases on which those matters were resolved against him" making only generalized assertions that

his access to courts was hindered. *Jones*, 2012 WL 683362, at *8. The court noted that Plaintiff had

failed to provide any allegations or evidence that, because of defendants' actions, he lost a

nonfrivolous claim challenging his conviction or conditions of confinement, "as is his burden." *Id.*

(citing *Christopher*, 536 U.S. at 415). Accordingly, the court summarily dismissed Plaintiff's access

to courts claims. *Id.*

The Sixth Circuit's decision in *Brown v. Matauszak*, 415 Fed. App'x 608 (6th Cir. 2011) is

also instructive on what Johnson must plead to state a viable access to courts claim. In response to

defendants' motion to dismiss, Brown listed the causes of action he sought to pursue in state court;

however, he only listed the claims that he raised in his motion for relief from judgment—"he did not

provide or explain the factual bases for any of these claims." *Id.* at 611. The Sixth Circuit restated

the rule in *Christopher* that "the right [of access to the courts] is ancillary to the underlying claim,

without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 612 (quoting

8

*Christopher*, 536 U.S. at 415).  With respect to the level of specificity required regarding the

underlying claim, the Court held:

> [T]he complaint should state the underlying claim in accordance with
> Federal Rule of Civil Procedure 8(a), just as if it were being
> independently pursued." *Id.* at 417, 122 S. Ct. 2179. Essentially, a
> claim for denial of access to the courts has unique pleading
> requirements: a plaintiff must plead a case within a case, alleging the
> law and facts sufficient to establish both the interference with his
> access to the courts, and the non-frivolous nature of the claim that
> was lost.
>
> Although Rule 8 does not constitute a "hyper-technical,
> code-pleading regime," it "does not unlock the doors of discovery for
> a plaintiff armed with nothing more than conclusions." *Ashcroft v.
> Iqbal*, ——U.S.——, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).
> A complaint does not "suffice if it tenders 'naked assertions' devoid
> of 'further factual enhancement.' " *Id.* at 1949 (quoting *Twombly*, 550
> U.S. at 557, 127 S. Ct. 1955). While at the pleading stage, "general
> factual allegations of injury resulting from the defendant's conduct
> may suffice," *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 561, 112
> S. Ct. 2130, 119 L. Ed. 2d 351 (1992), it is still necessary to include
> some "well-pleaded factual allegations" to support the claim. *Iqbal*,
> 129 S. Ct. at 1950.

*Id.* at 612.  The Court concluded that the complaint, as pled, was insufficient.  *Id.* at 613.  The Court

reasoned that while the plaintiff included facts sufficient to allege that prison officials had prevented

him from receiving court documents, he failed to provide facts underlying his motion for relief from

judgment.  *Id.*   "To substantiate his claim for denial of access to the courts, [Plaintiff] needed to

plead the underlying claim and facts to support it, so that the court could ensure that what was lost

was a "non-frivolous" claim."  *Id.* at 613.  The Sixth Circuit continued,

> For the most part, Brown did not provide the facts upon which he
> based these claims, and therefore did not provide a way to assess
> whether they were non-frivolous. Therefore, the district court was
> correct to determine that he did not provide "facts to establish the
> validity of the claims," and therefore did not prove prejudice as
> necessary for a denial-of-access claim.

9

*Id.*

Likewise here, in his proposed Second Amended Complaint, Plaintiff only lists issues that he intended to pursue by way of a supplemental brief in the Michigan Court of Appeals. This Court is simply unable to conclude from this list whether the claims that Plaintiff alleges were lost are nonfrivolous. The Sixth Circuit's decision in *Brown* makes clear that more than a list is required at the pleading stage to assist the court in determining whether a plaintiff has suffered an actual injury. Indeed, Plaintiff must include "sufficient facts to demonstrate that his underlying action concerned non-frivolous issues." *Brown,* 415 Fed. App'x at 614. Because Plaintiff did not include sufficient facts in his proposed Second Amended Complaint regarding the underlying action, this Court is unable to determine whether his underlying claims are non-frivolous.

**B.      Defendants' Motion to Dismiss First Amended Complaint**

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it "[f]ails to state a claim upon which relief can be granted." When deciding a motion under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d. 868 (2009) (internal quotation marks omitted). In applying this rule to pro se plaintiffs, the Court is mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Because Plaintiff's First Amended Complaint provides even less detail regarding the

underlying action than the proposed Second Amended Complaint—in fact, it provides no information at all regarding the underlying claims—this Court recommends granting Defendants' motion to dismiss for failure to state a viable access to courts claim. It is therefore unnecessary to address Defendants' alternative argument for dismissal, namely that they acted reasonably and therefore could not have not violated Plaintiff's clearly established constitutional rights. (Dkt. 34, Defs'. Mot. to Dismiss, at 13-14.)

## V.     CONCLUSION AND RECOMMENDATION

For the following reasons, this Court concludes that Plaintiff's proposed Second Amended Complaint fails to state a viable access to courts claim and therefore orders that Plaintiff's motion to amend be **DENIED**.  This Court also concludes that the Amended Complaint fails to state a claim upon which relief can be granted and therefore **RECOMMENDS** that Defendants Mills, Niernberg, Shaw and Jacobs' motion to dismiss be **GRANTED**.

## VI.    FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies,

through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon

this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE


Dated:  November 26, 2013




CERTIFICATE OF SERVICE


The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 26, 2013.


s/Jane Johnson
Deputy Clerk


12