UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO D. JOHNSON,

                    Plaintiff,                    Case Number 12-10918

v.                                        Honorable David M. Lawson
                                                Magistrate Judge Laurie J. Michelson

JOHN DOE NOS. 1-4, OFFICER
MILLS, OFFICER C. SHAW,
OFFICER W. NIERNBERG,
and ARUS JACOBS,

                    Defendants.

_____/

## OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, SUSTAINING PLAINTIFF'S OBJECTIONS, DENYING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE UNDER 28 U.S.C. §§ 1915(e) & 1915A

Plaintiff Apollo Johnson, a prisoner in the custody of the Michigan Department of Corrections, filed the present *pro se* civil rights complaint under 42 U.S.C. § 1983 against several prison employees alleging that they denied him access to the state courts in violation of the First Fifth, Sixth, and Fourteenth Amendments, when they delayed his legal mail, which included transcripts he needed to file a *pro se* supplemental brief on direct appeal of his second-degree murder conviction. The brief he attempted to file was rejected by the Michigan Court of Appeals as untimely. The Court referred this case to then-Magistrate Judge Laurie J. Michelson for pretrial management. Thereafter, the defendants filed a motion to dismiss the amended complaint for failure to state a claim. The plaintiff responded to the motion and also filed a motion for leave to file a second amended complaint. Magistrate Judge Michelson filed a report on November 26, 2013 denying the motion to amend as futile and recommending that the Court grant the defendants' motion to dismiss. The plaintiff filed timely objections. After reviewing the objections and

considering the matter afresh, the Court concludes that the magistrate judge incorrectly concluded

that the plaintiff's amended complaint failed to plead the "case within a case" component of a claim

for denial of access to the courts. However, after screening the amended complaint and proposed

second amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court concludes that

the plaintiff has not pleaded a claim for which relief can be granted. Therefore, the report and

recommendation will be rejected, and the defendants' motion to dismiss will be denied, but the case

will be dismissed with prejudice.

I.

The magistrate judge reported the facts of the case accurately. It is noteworthy that a

previous defendant had filed a motion to dismiss the case for lack of personal involvement in the

alleged delayed delivery of the plaintiff's legal mail. The magistrate judge recommended granting

that motion, and the Court adopted that recommendation in the absence of an objection by the

plaintiff.

There are additional facts stated in the amended complaint. On December 14, 2009, plaintiff

Apollo Johnson was convicted of second-degree murder after a jury trial in the Jackson County,

Michigan circuit court. On January 28, 2010, the plaintiff was sentenced to consecutive prison terms

amounting to more than 100 years, and initially he was remanded to the custody of the Michigan

Department of Corrections at the St. Louis Correctional Facility, in St. Louis, Michigan.

The plaintiff filed a direct appeal of his conviction and sentence in the Michigan Court of

Appeals, and an attorney was appointed to represent him. On March 17, 2010, the plaintiff met with

his lawyer in prison and discussed with him five issues that the plaintiff wanted to raise in his

appeal. However, when he received a copy of the timely filed counsel's brief on appeal, the

petitioner found that his attorney had raised only two of the issues that they had discussed.  In particular, the attorney had omitted from the brief claims that (1) the trial jury was racially biased and selected by an improper and racially exclusionary flawed computer jury selection process; (2) trial counsel was ineffective by failing to move to compel the police to preserve or test for fingerprints on one of the two weapons involved in the murder; and (3) the trial court improperly admitted the testimony of an unqualified expert.

On August 30 and October 6, 2010, the plaintiff wrote to his attorney demanding to know why he had not raised all of the issues discussed, and asking him to forward copies of trial transcripts and other papers from the case so that the plaintiff could prepare a *pro se* supplemental ("Standard 4") brief to file with the appellate court.  The Standard 4 brief was due within 84 days after counsel filed a brief for the plaintiff on appeal, which was November 16, 2010.  The plaintiff's attorney mailed the requested materials on October 19, 2010, and, although the plaintiff did not know it at the time, they were received in the prison mail room on November 2, 2010.  However, the plaintiff contends that the defendant prison employees neglected to deliver the materials to him until November 29, 2010, which was 13 days after the deadline for filing his Standard 4 brief in the court of appeals.  The plaintiff subsequently prepared a supplemental brief raising his additional three issues, which his attorney submitted to the court of appeals, along with a motion to extend the filing deadline, on February 17, 2011.  The state court denied the motion to extend the deadline and refused to accept the supplemental brief.

On February 29, 2012, the plaintiff filed his *pro se* complaint alleging violations of his right of access to the courts under the First, Fifth, Sixth, and Fourteenth Amendments via 42 U.S.C. § 1983.  The case initially was filed in the Western District of Michigan, but it later was transferred

to the Eastern District and assigned to the undersigned. On March 9, 2012, the plaintiff was granted leave to proceed *in forma pauperis*.

As noted above, the Court previously adopted a report and recommendation and dismissed one of the individuals named as defendants in the original complaint. The remaining defendants filed their motion to dismiss on April 3, 2013. On November 26, 2013, the magistrate judge issued her report recommending that the Court grant the motion and dismiss the complaint. The Court initially entered an order adopting the report and recommendation and dismissed the complaint, because the plaintiff had failed to submit any objections. However, after it entered judgment, the Court subsequently received the plaintiff's objections with a signature and date indicating that the plaintiff had delivered them to prison authorities for mailing within the time allowed. Appreciating the irony of a filing fault because prison officials delayed the plaintiff's mail, the Court vacated the judgment and order of dismissal and re-opened the case, to consider the plaintiff's objections and rule on the merits of the report and recommendation.

II.

The magistrate judge determined that the plaintiff's proposed second amended complaint would be subject to dismissal because it failed to recite any particular facts to describe what non-frivolous issues the plaintiff wanted to raise in his state court appeal, which he alleges he was prevented from raising by the delay of his legal mail. For the same reasons, and because she concluded that the first amended complaint contained even less factual detail regarding the appellate issues than the proposed second amended complaint, the magistrate judge recommended that the court dismiss the complaint for failure to state any plausible claim for relief.

The plaintiff filed an extensive objection to the report and recommendation. He did not include any numbered points in his objection, and in substance it consists largely of a wholesale reiteration of the factual and legal bases for the three issues that the plaintiff wanted to raise in this supplemental state court brief. He contends that his amended complaint adequately sets forth specific facts and legal authority to describe those issues, and he argues that the magistrate judge erred in finding the pleadings insufficient.

The filing of timely objections to a report and recommendation requires the Court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the factual allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

"To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36.

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004).

A.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"It is well established that prisoners have a constitutional right of access to the courts." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (collecting cases). "'[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.'" *Woodford v. Ngo*, 548 U.S. 81, 122 (2006) (quoting *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983)); *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 863 (6th Cir. 2012) ("The right to meaningful access to the courts is [] protected by the Petition Clause [of the First Amendment], among other provisions.").

As the magistrate judge correctly observed, the elements of a viable access-to-courts claim are: "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which the plaintiff would have sought on the underlying claim and is now otherwise unattainable." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (citations omitted). The plaintiff "must make out the denial-of-access elements against each defendant in conformance with the requirements of § 1983." *Ibid.*

"[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. "In order to state a claim for interference with access to the courts . . ., a plaintiff [also] must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus-X*, 175 F.3d at 394). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Ibid.* "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

The defendants contend — and the magistrate judge concluded — that the first amended complaint does not describe with any particularity the issues that the plaintiff wanted to raise in his Standard 4 brief during his state court appeal. That is true as to the body of the pleading, which is

substantially identical, in so far as describing the proposed issues on appeal, in both the original and first amended versions of the complaint. But the plaintiff attached as an exhibit to his original complaint a full copy of his proposed Standard 4 brief. *See* Compl., Ex. E [ECF Doc. No. 1-4] (State Court of Appeals Brief and Standard 4 Brief). It is well established that "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss," and that even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr, Inc.*, 508 F.3d at 335-36 (citing Fed. R. Civ. P. 10(c)). The plaintiff did not re-attach all of the original complaint's exhibits to his first amended complaint when he filed it, *see* Am. Compl. (ECF Doc. No. 27), but he did include the same references to the Standard 4 brief that were included in the original complaint, and that brief was made a part of the record when it was filed with the original pleading. Neither the defendants nor the magistrate judge articulated any factual or legal basis to explain how that exhibit properly could be disregarded in analyzing the sufficiency of the pleadings.

The issues described in the Standard 4 brief may be of dubious merit; the plaintiff's attorney evidently judged them to be so when he declined to include them in counsel's brief on appeal. However, the first issue raised presents a colorable claim of a constitutional defect in the criminal proceedings. In his first issue, the plaintiff argued that he was denied his right to a fair and impartial jury selected from a cross-section of the community, as guaranteed under the Sixth Amendment, the Fourteenth Amendment, and analogous provisions of the Michigan constitution. In particular, he asserted that "the jury selection system employed for Jackson County Circuit Court [] was skewed in favor of mostly-white out-county areas, to the exclusion of the more diverse city of Jackson," and

that "the cause [was] the computer allocation system that allocated the vast majority of black jurors away from Circuit Court into District Court juries." Compl., Ex. E, Standard 4 Brief at 14 (Pg ID 130). The brief quoted a portion of the state trial court transcript during which the plaintiff's trial lawyer specifically objected to the inclusion of only one African-American juror on the jury after the parties had exhausted their peremptory challenges, asserted that a properly selected jury would be expected to contain several African-American jurors based on the racial makeup of the County, and asked the trial court to afford some additional challenges, to allow for possible seating of several minority members who remained in the venire. *Id.* at 15-16. The trial court evidently overruled that objection and proceeded with the jury including only one African-American juror. The plaintiff argued that the trial court's refusal to countenance the objection to jury composition violated the Sixth and Fourteenth Amendments and *Duren v. Missouri*, 439 U.S. 357 (1979). It is not apparent from the substance of the plaintiff's brief whether he ultimately could have advanced sufficient facts to sustain the allegations that a flawed and racially biased computer selection method was used by Jackson County. But the proposed supplemental brief certainly outlines with adequate factual specificity a facially non-frivolous jury bias claim. *See Garcia-Dorantes v. Warren*, 801 F.3d 584, 588 (6th Cir. 2015). The conclusion that the pleadings were deficient because they failed adequately to describe a non-frivolous claim sought to be advanced in the underlying litigation therefore is unsupported by the record.

The plaintiff also alleged obstructive action by the defendants that prevented the filing of the Standard 4 brief. According to the Michigan Court of Appeals's internal operating procedures, "[Administrative Order 2004-6] of the Michigan Supreme Court provides that indigent defendants represented by appointed counsel may raise issues in [the Michigan appellate courts] that their

attorneys decline to raise." Mich. Ct. App. IOP 7.212(F)-3. However, "[o]nly one such filing by the defendant [is] permitted," and "[t]he defendant's filing must be received by the Court within 84 days after the filing of the appellant's brief by defense counsel." *Ibid.* "The time for filing a Standard 4 brief may be extended only by order of the Court on a motion by counsel showing good cause for the delay." *Ibid.* The plaintiff alleged that the defendants delayed his legal mail for more than three weeks, thereby causing him to miss his filing deadline. He was unable to obtain a concession from the state court to present his filing.

The complaint and its two subsequent iterations adequately state the first two elements of an access-to-courts claim. The defendants' argument that the pleadings fail on that score must be rejected, and the magistrate judge should have so concluded.

### B.

Nevertheless, the complaint must be dismissed because, even if the plaintiff did have a non-frivolous issue that he wanted to raise in a supplemental brief before the state appellate court, he cannot maintain a viable access-to-courts claim where he concedes that he was represented by appointed counsel during his appeal. "[T]he Sixth Circuit repeatedly has recognized that, once counsel has been provided for a defendant, the state has fulfilled its constitutional obligation to provide access to the courts." *Parker v. Burt*, No. 11-1297, 2015 WL 139859, at *35 (W.D. Mich. Jan. 12, 2015) (citing *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991); *Holt v. Pitts*, 702 F.2d 639, 640-41 (6th Cir. 1983)). It is apparent from the factual allegations in the complaint that "[the plaintiff] was not denied access to the courts because [he admits] that [he] was represented by appointed counsel during the entire length of his detention at the facility." *Martucci*, 944 F.2d at 295; *see also United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004) ("[The defendant]

claims that because he had no access to a law library, and because his attorney would not accept collect phone calls, he was denied his due process right of access to the courts.  Due process is satisfied, however, if a defendant [] has the assistance of an attorney during the course of his criminal trial.") (citing *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990)).

The Court is obliged to examine the plaintiff's pleadings to ensure that all the elements are stated properly.  When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).  In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity.  28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("'The Prison Litigation Reform Act [] requires dismissal of any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.'") (quoting *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010)).

The gravamen of the plaintiff's complaint, first amend complaint, and proposed second amended complaint is that he was prevented from submitting a supplemental brief to the state court of appeals setting forth issues that his appointed attorney declined to raise in counsel's brief.  But "a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides [a] prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, *or the assistance of legally-trained personnel*." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (emphasis added) (citing *Bounds*, 430 U.S. at 817; *Avery v. Johnson*, 393 U.S. 483 (1969)). The state in fact furnished an attorney to present the plaintiff's appellate arguments.  It was the attorney who culled out the arguments that, presumably, he deemed of questionable merit.  If the plaintiff could show that those issues had merit and that his lawyer's refusal to pursue them rose to the level of deficient performance falling outside the realm of professionally acceptable appellate practice, then the plaintiff might be able to raise in some collateral proceeding a viable ineffective assistance of counsel claim.  But the plaintiff has not alleged any facts to show that the actions of the defendants prevented him from raising the issues that he wanted to pursue in his Standard 4 brief.  In fact, the plaintiff specifically asserts that he discussed all of the proposed issues with his attorney during an in-person conference at the prison, well before the filing deadline.  The basic cause of the plaintiff's failure to raise those issues in state court was his attorney's election to omit them from counsel's brief; but for that choice, the issues certainly could have been raised in that filing, which was timely submitted in the state court.  Because he cannot establish that the defendants' actions or lack of action actually caused him substantial prejudice in the presentation of his underlying claims, the plaintiff cannot show that they were individually liable for depriving him of access to the state court appellate proceedings.

-13-

III.

The defendant's motion cannot be granted, and the magistrate judge's report and recommendation cannot be adopted, on the basis of the factual premises and reasoning set forth therein. Nevertheless, the complaint fails to state any plausible claim for relief, and the plaintiff is a state prison inmate who has been granted leave to proceed *in forma pauperis* in this case. Therefore, the complaint will be dismissed *sua sponte*, based on the Court's screening authority under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #40] is **REJECTED**, and the plaintiff's objections [dkt. #43] are **SUSTAINED**.

It is further **ORDERED** that the defendants' motion to dismiss the first amended complaint [dkt. #34] is **DENIED**.

It is further **ORDERED** that the plaintiff's first amended complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 26, 2016

<div style="border:1px solid black;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2016.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

</div>